## Harner v. McCormick

*Farley G. Holt,* for plaintiff.
*Edward J. McCormick,* for defendant.
*Michael S. Sherman,* for Pennsylvania State Police.

KUHN, *J.* June 29, 1993—On January 7, 1993, plaintiffs filed a praecipe for writ of summons. Without any further pleadings being filed, plaintiff, on March 25, 1993, served Colonel Glen Walp, Commissioner of the Pennsylvania State Police and records custodian, with a subpoena to appear on April 8, 1993, and to bring with him "a complete criminal investigation file with respect to the homicide of Craig Rice, incident no. H6-398649. (Discovery sought, exculpatory *Brady* material, contained within the state police file)."

On April 12, 1993, Colonel Walp filed a petition seeking a rule upon plaintiffs to show cause why they should not file a notice containing a specific statement of the scope and purpose of the deposition and records and that the information is being sought, in good faith.

The court is somewhat familiar with the background of this matter. On April 23, 1987, one of the plaintiffs, Gregory Harner, was found guilty of voluntary manslaughter in the death of Craig Rice. Defendant, Edward J.

McCormick III, was hired by the Harner family to represent Gregory Harner on appeal. Appeals to the Pennsylvania Superior Court, 377 Pa. Super. 229, 546 A.2d 1241 (1988); Pennsylvania Supreme Court, 564 A.2d 915 (1989), the United States District Court (unreported opinion), and the Third Circuit Court of Appeals, 931 F.2d 50 (1991), were unsuccessful.

This action appears to be one for legal malpractice against attorney McCormick. I conclude that there must be a clearer indication of the nature of the cause of action in order to determine whether information being requested is relevant.

Pa.R.C.P. 4007.1(c) provides that when notifying a person to appear for a deposition:

"The purpose of the deposition and matters to be inquired into need not be stated in the notice unless the action has been commenced by writ of summons and the plaintiff desires to take the deposition of any person upon oral examination for the purpose of preparing a complaint. In such case the notice shall include a brief statement of the nature of the cause of action and of the matters to be inquired into."

The reason for this rule "is that a party who has not yet been served with a complaint may in some instances not be aware of the exact basis of the action or of what is to be adjudicated and may thus be totally unprepared to submit to oral examination." 10 Goodrich Amram 2d at 201. Of course, Colonel Walp is not a party to this action.

Nevertheless, the rules also provide that:

"A party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending matter...Pa.R.C.P. 4003.1(a)."

What is relevant, and therefore discoverable, depends upon the nature of the underlying action. I am unable to discern whether the present action is considered one in trespass or assumpsit. The distinction is quite significant in describing the elements and the statute of limitations.

Recently, in *Bailey v. Tucker,* 533 Pa. 237, 621 A.2d 108 (1993), the court set forth the elements necessary to sustain a malpractice action against a criminal defense attorney resulting from his representation of the plaintiff in earlier criminal proceedings. In a trespass action the plaintiff must establish:

"(1) the employment of the attorney;

"(2) reckless or wanton disregard of the defendant's interest on the part of the attorney;

"(3) the attorney's culpable conduct was the proximate cause of any injury suffered by the defendant/plaintiff, i.e., 'but for' the attorney's conduct, the defendant/plaintiff would have obtained an acquittal or a complete dismissal of the charges (the plaintiff must prove that he did not commit any unlawful acts with which he was charged as well as any lesser included offenses);

"(4) as a result of the injury, the criminal defendant/plaintiff suffered damages;

"(5) Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error; additionally, although such finding

may be introduced into evidence in the subsequent action it shall not be dispositive of the establishment of culpable conduct in the malpractice action." *Id.*, 621 A.2d 115.

In a contract action the attorney's liability will be based upon the terms of the contract. Implicit within the contract is an agreement to provide professional services consistent with those expected of the profession at large.

"Thus, this cause of action proceeds along the lines of all established contract claims. It does not require a determination by an appellate court of ineffective assistance of counsel, nor does the client need to prove innocence. However,... damages will be limited to the amount actually paid for the service plus statutory interest." *Id.*

I have many reservations about directing Colonel Walp to produce the investigative file at this time. Some of those concerns will now be addressed.

If plaintiffs are proceeding in trespass, the court hereby takes judicial notice that in the underlying criminal action Gregory Harner has not obtained any post-trial relief on the basis of attorney error. Therefore, whether exculpatory evidence is available in the files of the Pennsylvania State Police is not relevant until such relief is obtained.

If plaintiffs are proceeding in assumpsit, several issues should be revealed, such as whether the contract was oral or written, when did the attorney-client relationship begin and end, who are the parties to that contract, what were the terms of the contract, and how did counsel breach the contract.

At Argument Court, plaintiff's counsel suggested that the claim against Attorney McCormick would focus upon

his failure to pursue an appeal issue, i.e., trial counsel's failure to obtain exculpatory evidence during pretrial discovery or his failure to appeal the trial court's pretrial ruling on discovery requests made pursuant to Pa.R.Crim.P. 305. If that is plaintiffs' contention then, of course, in order to prevail they must prove, inter alia, that exculpatory evidence was available in the Pennsylvania State Police file which, if discovered, would have led to an acquittal.

Unfortunately, making this suggestion verbally at Argument Court and setting it forth in written notice of deposition are quite different matters. Plaintiffs point to a letter written by Michael S. Sherman, counsel for Colonel Walp, to plaintiffs' counsel dated April 8, 1993, as suggesting that notice had been given verbally. However, from the letter it appears that attorney Sherman understood that plaintiffs are alleging corruption concerning the State Police investigation into the death of Craig Rice. This is quite a different matter than legal malpractice.

Colonel Walp has also raised the impact of the statute of limitations on this discovery request. While he may not have standing to raise the statute as a bar to the litigation, it may well have an impact upon whether to allow discovery.

*Bailey* held that the statute of limitations in the context of a criminal malpractice action commences when the attorney-client relationship terminates. Then the applicable period for trespass is two years, 42 Pa. C.S. §5524; assumpsit for oral contract is four years, 42 Pa.C.S. §5525; and assumpsit for written contract is six years, 42 Pa.C.S.

§5527. As mentioned earlier the record does not reflect when the attorney-client relationship ended. Did Attorney McCormick's involvement as appellate counsel end after the Pennsylvania Supreme Court's decision denying allocatur in 1989 or after the Third Circuit's decision entered March 19, 1991?[*] The difference could be significant.

We may be dealing with sensitive matters in a police file which, for policy reasons, should be approached cautiously in this civil setting. I do not believe this discovery request should become a fishing expedition into matters unrelated to Attorney McCormick's alleged malpractice; however, plaintiffs should not be denied their right to discover relevant information.

I conclude that, in the context of this case, the deposition of Colonel Walp should be delayed until such time as plaintiffs provide a more specific statement of the scope and purpose of the deposition and production of records.

At a minimum the notice should set forth: (1) whether the action is in trespass or assumpsit (and whether upon oral or written contract), (2) the period of the attorney-client relationship, (3) the specific failure of Attorney McCormick which allegedly establishes civil liability, (4) whether post-trial remedies have been obtained in the criminal case as a result of McCormick's error if this matter is pursued in trespass, (5) the parties to the contract if an assumpsit action is being pursued and (6) what information plaintiffs are seeking from the Pennsylvania State Police files. Requiring plaintiffs to set forth this

---

[*] The only reported case set forth in the record of this case which lists Mr. McCormick as counsel is the Superior Court decision reported at 377 Pa. Super. 229, 546 A.2d 1241 (1988).

information in the notice will not be onerous nor violative of the discovery rules. It will, however, provide a structure to determine relevancy if that issue is raised again.

## ORDER OF COURT

And now, June 29, 1993, upon consideration of the petition filed on April 12, 1993, by Colonel Glenn A. Walp, Commissioner of the Pennsylvania State Police, it is hereby ordered that plaintiffs' subpoena for oral deposition of Colonel Walp and production of documents be suspended until plaintiffs provide Colonel Walp with a written notice of the scope and purpose of the discovery which notice shall contain the minimum information set forth in the attached memorandum opinion.